# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-802V
Filed: December 10, 2015
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| ASHARAM TAMANG, | |
| Petitioner, | Ruling on Entitlement; Concession; Tetanus, Diphtheria, acellular Pertussis; ("Tdap") Vaccine; Adhesive Capsulitis; Cellulitis; Shoulder Injury Related to Vaccine Administration ("SIRVA"); Special Processing Unit ("SPU") |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Ronald Homer, Conway, Homer & Chin-Caplan, P.C., Boston, MA,* for petitioner.
*Alexis Babcock, U.S. Department of Justice, Washington, DC,* for respondent.

## RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

On July 29, 2015, Asharam Tamang ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"].  Petitioner alleges that he suffered cellulitis and adhesive capsulitis caused by tetanus, diphtheria, and pertussis ("Tdap") he received on April 23, 2013.  Petition at 1.  The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 9, 2015, respondent filed her Rule 4(c) report in which she concedes that petitioner is entitled to compensation in this case.  Respondent's Rule 4(c) Report at 6.  Although she argued that "with respect to the allegation of cellulitis, . . . petitioner has not established that his sequelae lasted for greater than six months," respondent concluded that petitioner suffered adhesive capsulitis with was casually

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

related to his vaccination. *Id.* On December 8, 2015, petitioner filed a status report indicating he agreed with respondent's assessment of his claim.

**In view of respondent's concession to which petitioner agrees and the evidence before me, the undersigned finds that petitioner is entitled to compensation for his adhesive capsulitis.**

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master